## BLUNT v. GRACE.
### Patent Appeal No. 2541.

Court of Customs and Patent Appeals.
Dec. 19, 1930.

Conway P. Coe, of Washington, D. C. (Robert S. Allyn, of New York City, of counsel), for appellant.

Cleon J. Sawyer, of New York City, for appellee.

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges.

LENROOT, Associate Judge.

This is an appeal from a decision of the Board of Appeals of the United States Pat-

ent Office, in an interference proceeding, wherein the Board affirmed the decision of the Examiner of Interferences awarding priority of invention to appellee, the senior party in the interference.

 The issue is stated in fourteen counts, of which the following are illustrative:

"1. In a locomotive open type feed water heater, a heater vessel, a pump cylinder, a single piston reciprocating in said cylinder for forcing a definite volume of cold water into said heater vessel at each upward stroke of the piston and withdrawing a definite but larger volume of hot water from said vessel into the bottom of said cylinder at the same time, means for conducting steam to said heater vessel to be condensed by and mingled with the water therein, the volumetric displacement of the upper cold water end of the piston being less than the volumetric displacement of the lower hot water end of the piston by an amount determined by the cross-sectional area of the piston rod and the difference in the displacement between the cold and hot water sides of the piston being substantially equal to the normal volume of the condensate formed in the heater vessel."

"4. In a feedwater heater, a heater vessel, means for introducing steam into said vessel, pump means including a cylinder and piston for introducing cold water into said vessel and withdrawing hot water therefrom, a conduit connecting said heater vessel with the hot water pumping unit, and an inlet valve in said hot water conduit below the lower end of said piston for admitting hot water to said cylinder."

"12. In a feed water heating apparatus, the combination with a supply pump and passage for delivering water to the heater, of a float in said heater controlled by the water level in said heater, and means controlled by said float for reducing the discharge of the supply pump to said passage."

The invention is described in the decision of the Board of Appeals as follows:

"The invention relates to a feedwater heater adapted for use on a locomotive. The heater is of the open or contact type in which the steam used for heating the water mingles with the water and is condensed thereby. The water is fed to the heating chamber and also from said chamber by a single pump having a vertically reciprocating piston. This piston is connected to a piston in a steam cylinder located above the pump cylinder by means of a piston rod of such cross sectional area that the cold water pumped by the upper face of the piston toward the heating chamber is less than the hot water pumped by the lower face of the piston from the heating chamber toward the boiler by an amount which compensates for the additional hot water due to the condensed steam. A cold water by-pass around the upper end of the pump cylinder permits some of the pumped water to return to the intake side of the pump, instead of flowing through the passage from the pump to the heating chamber, provided the water level in the chamber is high enough to permit a float controlled valve in the by-pass to open."

In its decision, the Board also correctly states that:

"All of the counts are limited either to the compensating feature or to specific features of construction such as the location of the hot water inlet valve below the lower end of the piston and the location of the inlet end of the by-pass in the pulsation chamber of the supply pump to reduce the discharge of the pump to the passage or connection leading to the heating chamber.

"The senior party has not taken testimony and he is accordingly restricted to his filing date, August 20, 1920, for conception and reduction to practice."

Two applications of appellee are involved in the interference, both being filed on August 20, 1920. The application of appellant was filed on March 1, 1921. Through inadvertence, patent was issued to appellant on September 1, 1925. Thereafter an interference was declared between certain claims of said patent and said applications of appellee. Thereafter appellant filed an application for reissue of his said patent, and said interference was redeclared on the counts above stated.

 Appellant took testimony, but appellee did not; appellee therefore is confined to his filing date, August 20, 1920, for conception and reduction to practice.

The Examiner of Interferences found that appellee was the first to conceive as to counts 1 to 11, inclusive, and that appellant was the first to conceive as to counts 12, 13, and 14; that, as to all of the counts, appellee was the first to reduce to practice; that, as to the three counts in which appellant was the first to conceive, he had failed to relate his subsequent reduction back to his early conception by proper diligence, and was therefore not entitled to prevail as to those counts. He therefore awarded priority of invention to appellee upon all of the counts in issue.

The Board of Appeals also found that appellee was the first to conceive and the first to reduce to practice as to counts 1 to 11, inclusive, but disagreed with the Examiner as to his finding that appellant was the first to conceive as to counts 12, 13, and 14, and held that appellant had failed to establish conception as to any of the counts prior to appellee's filing date. It further held, however, that, even if it were to be held that appellant was the first to conceive as to said last-named counts, he was not diligent in reducing the invention to practice at the time that appellee entered the field, thus agreeing with the Examiner as to lack of diligence on the part of appellant.

In view of the conclusion we have reached, it is unnecessary to determine the question of which party was the first to conceive as to any of the counts, for we agree with both tribunals of the Patent Office that appellant has not shown a reduction to practice prior to appellee's filing date, and, this being so, if he was lacking in diligence at the time that appellee filed his application, or thereafter until appellant reduced to practice, the decision of the Board of Appeals must be affirmed, regardless of who was the first to conceive as to any of the counts.

Appellant claims to have conceived and disclosed to others most of the counts in issue prior to October 15, 1902, and to have constructed an apparatus, embodying the basic features of all the counts, which was successfully operated in Brooklyn, N. Y., about October 15, 1902. He claims that this constituted a reduction to practice of the invention here involved.

In its decision, the board, speaking of this alleged test of said apparatus, said: " * * * No corroborating witness has been produced who saw these tests and testified that they were successful."

This is not denied by appellant, but we understand the position of his counsel to be that the construction of the device was so simple and practical that it was not necessary to be operated to prove its value, and that the mere construction of such a device entitled him to an actual reduction to practice. We cannot agree with this contention. It is clear to us that the invention set out in the counts is not so simple as to bring it within the rule contended for by appellant. Furthermore, there is not only no corroboration of the test being successful, but there is no corroboration of the claim that the internal construction of the device tested embodied all of the features of any count here in issue.

Upon this point, appellant in his brief states: "It is obvious that this construction must have embodied all the elements of counts 1, 2, and 10 or it would not have operated at all. * * * "

The difficulty with this statement is that there is no corroboration of appellant's testimony that it did operate at all; and surely, when we cannot find that the device was successfully operated, there is nothing upon which to base a presumption, arising out of successful operation, that the device embodied the features of said counts.

We agree with the tribunals of the Patent Office that appellant has not established by a preponderance of evidence a reduction to practice of the invention embodied in any of the counts prior to appellee's filing date.

This brings us to the question of appellant's diligence in reducing to practice the invention involved in the counts. As already stated, both tribunals of the Patent Office found that appellant was lacking in such diligence at the time of appellee's filing date August 20, 1920.

Although appellee, in his preliminary statement, alleged conception of the invention on or about April 1, 1918, he offered no proof, and therefore he must be held to his filing date for both conception and reduction to practice. This rule is so well settled as to require no citation of authority.

The first question, therefore, is whether appellant was diligent in reducing the invention to practice at the time that appellee entered the field, to wit, on August 20, 1920. If he was not, he cannot prevail. Austin v. Johnson, 18 App. D. C. 83.

While there is much evidence that appellant was diligent in attempting to perfect his invention, both prior and subsequent to appellee's entry into the field, there is no substantial evidence that he did anything toward perfecting it, or reducing it to practice, during a period of more than eighteen months immediately prior to August 20, 1920, appellee's filing date, nor for a considerable time after said date.

Appellant introduced thirty-eight exhibits, each bearing notations purporting to give the date that it was prepared. Many of these exhibits are sketches made by appellant, and many others are photographs.

There are no exhibits bearing any date between December 15, 1902, and August 20, 1920, appellee's filing date, except two print-

ed bulletins each bearing date June 21, 1918, neither of which purports to describe any feature of the invention here involved; in fact, there are no exhibits bearing any date between December 15, 1902, and October 10, 1920, except the aforementioned bulletins. There are nine sketches made by appellant bearing dates between October 10, 1920, and January 18, 1921.

So far as the exhibits are concerned, they indicate activity by appellant between 1897 and 1902, some activity in 1918, and no activity between June 21, 1918, and October 10, 1920. Of course, the absence of sketches during the period immediately before and after the appellee entered the field is only a circumstance bearing upon appellant's diligence, and, standing alone, proves nothing; but, considered in connection with the testimony in the case, such absence of sketches tends to confirm the conclusion of the Board of Appeals and the Examiner as to lack of diligence.

Appellant does testify that he talked with several persons about his invention and showed at least one of them his old 1902 blueprint early in 1920, and also talked to one of such persons in June, 1920, and this is corroborated by three witnesses who testified in the case; but there is nothing in either the testimony of appellant or of any of the witnesses which establishes diligence upon the part of appellant at the time appellee entered the field.

The testimony referred to does establish that appellant had not abandoned or forgotten the invention which he claims to have conceived prior to that time, but there is no substantial evidence in the case that on August 20, 1920, or for more than a year before said date, appellant was active in any way in perfecting his invention or reducing it to practice; neither does the record disclose any facts that would excuse appellant from activity in this regard during said periods.

We think the record clearly supports the finding of the Board of Appeals that appellant had not reduced to practice the invention involved in the counts prior to August 20, 1920, appellee's filing date, and that appellant was not diligent in reducing his invention to practice at the time appellee entered the field. Therefore, as the filing by appellee of his application on August 20, 1920 was a constructive reduction to practice, priority of invention upon all the counts must be awarded to him, and the decision of the Board of Appeals is affirmed.

Affirmed.